FILED
 2012 Apr-09  AM 11:53
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBIN RUTENBERG            ] | |
| ]                            | |
| Plaintiff,                 ] | |
| ]                            | |
| v.                         ] | |
| ]                            | CV-10-BE-3214-M |
| STANDARD INSURANCE COMPANY, ] | |
| ]                            | |
| Defendant.                 ] | |
| ]                            | |
| ]                            | |
| ]                            | |

**MEMORANDUM OPINION**

This matter is before the court on the Plaintiff's "Motion to Alter and Amend the Judgment" (doc. 45). In that motion, the Plaintiff asserts that the court should never have exercised jurisdiction over this case because no ERISA preemption exists. The Plaintiff's motion to alter and amend refers to the Memorandum Opinion (doc. 42) and Final Order (doc. 43) addressing the motions for summary judgment, for judgment as a matter of law, and for reformation of the contract. In addition, however, the motion to alter and amend makes reference to the Order on the motion to remand (doc. 12). However, the only matters specifically raised in the motion to alter and amend are those that were addressed at the hearing on the motion to remand and in the subsequent Order. Therefore, the instant motion is in essence a motion to alter and amend the ruling on the motion to remand issued on March 7, 2011.

The Plaintiff does not specify whether she brings this motion under Rule 59(e) or Rule 60, but the words "alter" and "amend" echo those in Rule 59(e). To be timely, motions filed

under Rule 59(e) to alter or amend a judgment must be filed within 28 days after the entry of judgment.  Fed. R. Civ. P 59 (e).  Motions filed under Rule 60 must be made "within a reasonable time" and for certain grounds, "no more than a year after the entry of judgment."  Fed. R. Civ. P 60(c)(1).  In any event, the Plaintiff filed this motion within 28 days of the Final Judgment on March 23, 2012, although more than a year after the March 7, 2011 Order denying the motion to remand.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267-8 (N.D.Ala. 2006); *see Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (describing a Rule 59(e) motion as an "extraordinary remedy that should be used sparingly"); *see also Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that federal courts grant reconsideration and relief from judgment under Rule 60(b)(6) "only for extraordinary circumstances").  Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'"  *Rueter,* 440 F. Supp. 2d at 1267-8) (quoting *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)).  A party cannot use a motion for reconsideration "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2810.1, pp. 127-28 (2d ed. 1995)); *see Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (stating almost identical language regarding the inappropriate use of Rule 59).  Rather, "'[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'"  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration

in *Arthur*) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The decision whether to grant a Rule 59 motion is within the sound discretion of the district court and is subject to review for abuse of discretion. *Arthur,* 500 F.3d at 1343.

The issues raised in the Plaintiff's motion to alter and amend are the same ones that the parties raised in connection with her motion to remand and that the court addressed in March of 2011. The Plaintiff raises no case law decided after the March 2011 hearing and points to no newly discovered evidence. Rather, she simply disagrees with the court's ruling and is using this motion for a purpose that the Eleventh Circuit deems inappropriate: to obtain a second bite at the proverbial apple. Presenting only redundant arguments, the Plaintiff has not convinced the court that its ruling on the motion to remand represents a manifest error of law or fact. The issues raised in the Plaintiff's Complaint and the dispositive motions all focused on and required a look at the ERISA group policy. Those issues were whether the Plaintiff had a right to convert an ERISA group disability policy to an individual disability policy; whether she effectively did so; and whether the Plaintiff's individual disability policy should be reformed to provide the same benefits (60% of income) as the other ERISA group disability policy. The Plaintiff cannot waive an ERISA policy in front of the court, ask the court to interpret that ERISA policy, and ask the court to reform the individual policy into what the ERISA policy provided, but then assert that her Complaint did not implicate ERISA. The fact that the court ultimately ruled against the Plaintiff and found that she had not converted one particular ERISA group policy into an individual policy does not mean that the court's ruling on the motion to remand was erroneous; regardless of the result, the court was required to address whether the Plaintiff had the right to convert the ERISA group policy, whether she had done so, and whether reformation was

appropriate to obtain benefits that the ERISA group policy originally had provided.  Therefore, the matter before the court was integrally linked with the ERISA plan, and the court correctly found that the ERISA preemption applies.

To the extent that the Plaintiff disagrees and argues that this court had no jurisdiction over this case, the court also notes that, assuming *arguendo* that the ERISA preemption does not apply, it nevertheless has diversity jurisdiction over this matter.  *See* doc. 1, at 9-10, & doc. 12.

In sum, the court finds that the Plaintiff has failed to provide grounds for granting the motion for reconsideration; she has not presented newly-discovered evidence and has not convinced the court that its rulings represent manifest errors of law or fact.  For all the above reasons, the court, in its discretion, finds that the Plaintiff's motion to alter and amend is due to be DENIED.

Dated this 9th day of April, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE